IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


SHELITHA R PARKS,                          *
                                           *
                Plaintiff,                 *
                                           *
vs.                                        *        No. 4:13CV000204 SWW
                                           *
CENTRAL ARKANSAS TRANSIT,                  *
                                           *
                                           *
                Defendant.                 *
                                           *


IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


SHELITHA R PARKS,                          *
                                           *
                Plaintiff,                 *
                                           *
vs.                                        *        No. 4:13CV000205 SWW
                                           *
CENTRAL ARKANSAS TRANSIT,                  *
                                           *
                                           *
              . Defendant.                 *
                                           *

**Memorandum and Order**


Before the Court is defendant's motion for summary judgment to which plaintiff

responded.  Defendant filed a reply to the response.  For the reasons stated below, the Court finds

the motion should be granted.

## Background

Defendant Central Arkansas Transit Authority ("CATA") hired Plaintiff Shelitha R. Parks ("Parks") as a fixed route dispatcher effective June 20, 2011.  Her initial rate of pay was set at $13.50 per hour, or $28,080.00 per year.  While Parks had experience in the transit industry, she had no experience in the public passenger transit industry when she was hired.  On November 8, 2011, CATA raised Parks's pay to $28,922.00, retroactive to her date of hire.  On December 6, 2012, Parks resigned her position in lieu of being terminated.

Thomas Olson, a white male, began his employment with CATA as a bus operator on May 19, 2003.  As a bus operator, the terms and conditions of his employment were governed by a collective bargaining agreement.  On or about February 13, 2012, CATA offered and Olson accepted a position as a fixed route dispatcher/supervisor.  His compensation was set at $17.00 per hour, a pay cut of $2.02 per hour from his rate as a bus operator.

In addition to Parks, CATA employed four other fixed route dispatchers during 2011 and 2012: Carolyn Mixon, Mary Luann Myers, Gary Milks, and Thomas DeVore.  CATA hired Mixon, an African-American female, on or about November 24, 2004, as a dispatcher, with a starting rate of pay of $11.00 per hour.  According to her application letter, Mixon had no experience in the public passenger transportation industry.[1]  Mixon received a series of pay increases, and in November of 2011, her rate of pay was increased from $15.23 per hour ($31,683.00 per year) to $15.68 per hour ($32,606.00 per year).

CATA hired Myers, a white female, on or about September 15, 2010, as a fixed route dispatcher, with a starting rate of pay of $13.50 per hour.  On December 1, 2010, Myers received a

---

[1] Def's. Mot. Summ. J., Ex. 13.

pay increase of $842.00 per year ($0.405 per hour) and on November 8, 2011, she received a pay increase of $868.00 per year ($0.417 per hour).  She resigned on February 1, 2012.

On March 3, 2011, CATA hired Milks, a white male, as a fixed route dispatcher with a starting rate of $13.50 per hour.  He had management experience in the transportation industry prior to his employment with CATA.  Milks resigned his position with CATA effective May 12, 2011.

Thomas DeVore, a white male, has been employed by CATA and its predecessors in various capacities, including director of operations, since 1948.  He retired in 1997.  In 2007, CATA rehired DeVore as a fixed route dispatcher.  On December 1, 2010, DeVore's rate of pay was increased by $0.25 to $16.17 per hour.  On November 8, 2011, DeVore's rate of pay was increased by $0.49 to $16.66 per hour.

Parks filed a complaint pursuant to the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA") and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, as amended, alleging CATA paid her less than a white male.[2]  CATA filed a motion for summary judgment, arguing Parks cannot establish a *prima facie* case of pay discrimination, and even if she could, the pay difference was based on a factor other than gender.

## Standard of Review

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

---

[2]Plaintiff filed two complaints alleging pay discrimination, based on identical charges filed with the EEOC.  The cases were consolidated.  *See* ECF No. 11.

3

(1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252. Therefore, in a motion for summary judgment, "[t]he judge's inquiry unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." *Id.*

## Discussion

The Equal Pay Act prohibits discrimination "between employees on the basis of sex by paying wages to employees ... at a rate less than the rate at which [the employer] pays wages to employees of the opposite sex ... for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1). "Application of the Equal Pay Act depends not on job titles or classifications but on the actual requirements and performance of the job." *Simpson v. Merchants & Planters Bank*, 441 F.3d 572, 578 (8th Cir.2006) (quoting *EEOC v. Universal Underwriters Ins. Co.*, 653 F.2d 1243, 1245 (8th Cir.1981)). "Equal pay for equal work is what the [statute] requires, and those elements are the focus of the prima facie case." *Price v. N. States Power Co.*, 664 F.3d 1186, 1192-93 (8th Cir. 2011).

CATA asserts Parks cannot establish a *prima facie* case because Milks, who began his employment three months before Parks, received the same rate of pay. In addition, CATA argues Parks cannot establish that her job was equal to Olson's. As Olson's title reflects, he had the ability to perform tasks that Parks could not perform, including driving a bus. CATA asserts that even if Parks could establish that she was paid less than Olson for performing similar work, the

4

evidence is undisputed that Olson had nine years of experience as a bus driver, was familiar with the collective bargaining agreement, and was able to fill in for bus operators and/or bus supervisors.

Parks argues Milks is not the best comparator because (1) Milks resigned his position the month before Parks began working for CATA and thus they did not work side-by-side, and (2) he was still on his ninety-day probationary period when he resigned. Plaintiff also argues that just because one male out of three earned the same or less than the three other female employees is insufficient to preclude a finding that CATA violated the EPA. She further argues that she, Olson, and DeVore performed substantially the same work under similar conditions. Parks asserts that Olson's title as supervisor is meaningless because they actually performed the same job duties. Even though Olson was capable of filling in as a bus driver, Parks says he never actually did so. Thus, a jury could determine that their job duties were substantially similar.

In reply, defendant asserts that Parks cannot ignore Milks as a comparator and then infer that all male dispatchers made more than she. Milks was Parks's immediate predecessor; he resigned in May 2011 and Parks was hired in June 2011. Their pay was the same. Actually, Parks pay was more because she received a retroactive pay increase. "Under the EPA, job comparison may appropriately consider immediate predecessors or successors of the plaintiff." *Lawrence v. CNF Tramsp., Inc.*, 340 F.3d 486, 491 (8th Cir. 2003).

To survive a motion for summary judgment, a plaintiff "must present at least some evidence showing she and the other employees performed equal work under similar conditions." *Holland v. Sam's Club*, 487 F.3d 641, 645 (8th Cir. 2007).

If a plaintiff establishes a prima facie case, the burden then shifts to the defendant

to prove one of four statutory affirmative defenses.  Those defenses require an
employer to prove that any wage differential is explained by '(i) a seniority system;
(ii) a merit system; (iii) a system which measures earnings by quantity or quality of
production; or (iv) a differential based on any other factor other than sex.' 29
U.S.C. § 206(d)(1). In an EPA case, 'a defendant cannot escape liability merely by
articulating a legitimate non-discriminatory reason for the employment action....
[it] must prove that the pay differential was based on a factor other than sex.'

*Price v. Northern States Power* Co., 664 F.3d 1186, 1191 (8th Cir. 2011)(internal citations

omitted).  Even assuming Parks can establish a *prima facie* case, CATA contends the pay

differential between Olson and Parks was based on the relative public passenger transportation

industry experience they each had and, in the case of Olson, the fact that he had the ability to fill

in for bus operators and/or bus supervisors.  According to Bill Adcock, the Director of Operations

for CATA, Olson had the title "Fixed Route Dispatcher/Supervisor" in recognition of the fact that

Olson had a commercial driver's license and therefore maintained the qualifications required to

operate a bus.[3]

As to DeVore, the evidence is undisputed that he had several decades of experience in

public passenger transit operations, including holding the positions of Director of Scheduling and

Director of Operations for CATA before he retired in 1997.  He came back to work for CATA in

2007.  In December 2010, his pay as a fixed route dispatcher was $16.17 per hour; it went up to

$16.66 per hour in 2011.[4] As with Olson, CATA valued DeVore's experience.[5]

Plaintiff argues that even though defendant contends experience justifies the pay

_____

[3]Def's. Mot. Summ. J., Ex. 11 (Adcock Aff.) at ¶ 4.

[4]*Id.*, Ex. 22 (DeVore Personnel Record).

[5]*Id.*, Ex. 11 (Adcock Aff.)

discrepancy between Parks and her male counterparts, CATA has not shown "a gender- neutral application of this factor."[6]  Citing *Robinson v. Sears, Roebuck & Co.*, 111 F.Supp.2d 1101, 1112 (E.D. Ark. 2000), Parks argue that it appears that CATA gave white males more credit for experience than black females or females in general.  In *Robinson*, the court found that subjective employment procedures may be evidence of pretext.  *Robinson*, a class action case, involved hundreds of employees where the employer implemented a store-wide increase in starting pay which resulted, at least for some period of time, in some employees not in the protected class with less experience being paid more than employees in the protected class with more experience. Here, both of Parks's comparators, Olson and DeVore, had more experience than Parks.  She and Milks, who were both hired in 2011, had no prior public passenger transit industry experience and were paid the same rate per hour when they started.  Myers, a white female, hired in 2010, received the same $13.50 per hour to start as Parks.  Mixon, a black female with more experience than Parks, received a pay increase to $15.68 per hour in November 2011.

The Court finds defendant has established by a preponderance of the evidence that the pay differential between Parks and Olson and DeVore was based on experience.  Parks presents no evidence which would lead a reasonable jury to find otherwise.  Because defendant has met its burden of proving that experience, not unlawful discrimination, was the reason for the difference in pay, the motion for summary judgment is granted.

## Conclusion

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [ECF No.

---

[6] Pl's. Resp. to Def's. Mot. Summ. J. [ECF No. 30] at 14.

24] is hereby granted.  Plaintiff's complaints are dismissed.

DATED this ___*1st*___ day of April, 2014.

UNITED STATES DISTRICT JUDGE